Filed 3/27/23  P. v. Garcia CA2/3
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B299615 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA283054) |
| v. | |
| MELISSA GARCIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Reversed and remanded with direction.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Melissa Garcia of first degree murder with true findings on two special circumstances: the victim was killed to prevent the victim from testifying and the murder was committed in course of a kidnapping. Years after her conviction, Garcia petitioned the trial court for vacation of her sentence and for resentencing under recently-enacted Penal Code[1] section 1172.6,[2] which limited accomplice liability for murder. The trial court summarily denied relief, and we affirmed that order on appeal. (*People v. Garcia* (Jan. 22, 2021, B299615) [nonpub. opn.] (*Garcia II*).) However, our California Supreme Court granted review and has now transferred the matter back to us with the direction to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), cases which clarified the scope of section 1172.6. Doing so, we conclude that the trial court's order must be reversed, and the matter must be remanded for further proceedings.

## BACKGROUND

I.      The underlying conviction[3]

In 2002, Garcia drove two men to a location where Aileen Alvarez was walking. The men were members of the Mara Salvatrucha gang. Garcia was either a member of the gang or its

---

[1]      All further statutory references are to the Penal Code.

[2]      Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3]      The underlying facts are from the opinion affirming the judgment of conviction, *People v. Garcia* (July 14, 2010, B212638) [nonpub. opn.] (*Garcia I*). We grant the People's request for judicial notice of the file from the direct appeal. (Evid. Code, § 452, subd. (d).)

associate.  The men believed that Alvarez was going to testify against a fellow gang member.  As Alvarez struggled, the men forced her at gunpoint into the car, and Garcia drove away.  Later that night, Alvarez's body was found.  She had been shot in the head and back.  Garcia told detectives that she had been driving with the men when they saw Alvarez.  At the men's behest, Garcia stopped the car.  She had a feeling that something was going to happen to Alvarez.  Once Alvarez was in the car, Garcia drove to a residential area, where the men made Alvarez get out of the car.  One of the men then shot Alvarez.  Garcia denied knowing of any order to kill Alvarez.  Rather, once Alvarez was forced into the car, Garcia just did what she was told.

A jury found Garcia guilty of first degree murder (§ 187, subd. (a); count 1) with true findings on two special circumstance allegations (§ 190.2, subd. (a)(10) [killing a witness] & (17) [kidnapping]), and kidnapping (§ 207, subd. (a), count 2).  On each count, the jury found true principal-gun use (§ 12022.53, subds. (b), (c), (d) & (e)) and gang (§ 186.22, subd. (b)(1)) allegations.  On September 24, 2008, the trial court sentenced Garcia to life without the possibility of parole plus 25 years to life.

II.    Postjudgment proceedings

Garcia appealed from her judgment of conviction.  In that appeal, Garcia argued that the instructions erroneously did not include intent to kill as an element of the witness-killing special circumstance.  A different panel of this Division did not decide the issue directly and instead found that "in light of the overwhelming evidence that [Garcia] intended to kill and harbored more culpable mental states, as well as the jury's findings that [Garcia] harbored mental states more culpable than

3

intent to kill," any trial court error in failing to instruct that the witness-killing special circumstance required proof that Garcia intended to kill "was harmless under any conceivable standard." (*Garcia I*, *supra*, B212638.) This Division accordingly affirmed Garcia's judgment of conviction. (*Garcia I*, *supra*, B212638.)

Thereafter, in 2019, our Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437). In short, Senate Bill 1437 limited accomplice liability under the felony-murder rule, eliminated the natural and probable consequences doctrine as it relates to murder, and eliminated convictions for murder based on a theory under which malice is imputed to a person based solely on that person's participation in a crime. (§ 1172.6, subd. (a) [added by Sen. Bill 1437]; *Lewis*, *supra*, 11 Cal.5th at pp. 957, 959; *People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Based on the new law, a person convicted of murder under a felony-murder or natural and probable consequences theory may petition to vacate the conviction and resentencing, if certain conditions are met. (§ 1172.6.)

Garcia petitioned for resentencing under Senate Bill 1437. Without appointing counsel for Garcia, the trial court denied her petition, finding that the special circumstances findings rendered Garcia ineligible for relief as a matter of law.

A different panel of this Division affirmed the order denying Garcia's petition. (*Garcia II*, *supra*, B299615.) The court concluded that the law of the case doctrine made it unnecessary to resolve the issues in depth. That is, to be eligible for relief, Garcia needed to show she could not be convicted of first or second degree murder because of changes to sections 188 or 189. However, she could not make that showing because in affirming her conviction on direct appeal, *Garcia I* had concluded

4

she could still be convicted of murder because of "overwhelming evidence" of her intent to kill.

Garcia petitioned for review in the California Supreme Court, and the court granted review and transferred the matter back to our court with directions to vacate our decision and reconsider the case in light of *Strong, supra,* 13 Cal.5th 698 and *Lewis, supra,* 11 Cal.5th 952.

## DISCUSSION

Senate Bill 1437 took effect on January 1, 2019, and, as we have said, limited accomplice liability under the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. (*People v. Gentile, supra,* 10 Cal.5th at pp. 842–843). As relevant here, Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person (1) was the actual killer; (2) was not the actual killer, but with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*Gentile,* at p. 842.)

Senate Bill 1437 also created a new procedure whereby persons convicted of murder under now-invalid theory of murder may petition to vacate their convictions and obtain resentencing. A defendant is eligible for relief under section 1172.6 if the defendant meets three conditions: (1) the defendant was charged with murder under a theory of felony-murder; (2) the defendant was convicted of first or second degree murder; and (3) the defendant could no longer be convicted of first or second degree murder because of changes to sections 188 and 189 made by

Senate Bill 1437. (§ 1172.6, subd. (a).) If the petitioner makes a prima facie showing of entitlement to relief, the trial court is required to issue an order to show cause and to hold an evidentiary hearing at which the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder, under the law, as amended by Senate Bill 1437. (§ 1172.6, subd. (d)(3).)

When the trial court here denied Garcia's petition, two issues concerning section 1172.6 had split Courts of Appeal. First, when in the petitioning process are petitioners entitled to counsel? Second, is an aider and abettor defendant who was not the actual killer and whose jury was instructed before our California Supreme Court issued *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) eligible for section 1172.6 relief? *Banks* and *Clark* substantially narrowed and clarified the class of aider and abettor defendants who are major participants who act with reckless indifference to human life during a felony and, as such, are guilty of first degree murder and eligible for the death penalty or life without the possibility of parole.

Our California Supreme Court resolved the two issues in *Lewis*, *supra*, 11 Cal.5th 952 and *Strong*, *supra*, 13 Cal.5th 698. *Lewis* held that a defendant is entitled to counsel, if requested, upon the filing of a facially sufficient petition, that is, one that makes the necessary averments, without regard to the defendant's eligibility for relief. (*Lewis*, at p. 957.) If the trial court determines that the petitioner has made such a prima facie showing, it must appoint counsel, issue an order to show cause, and then "hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the

6

petitioner on any remaining counts in the same manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' " (*Id*. at p. 960.)

*Strong*, *supra*, 13 Cal.5th 698, resolved the second issue that had divided courts. The court held that a pre-*Banks* and *Clark* finding that the defendant was a major participant who acted with reckless indifference to human life during a felony does not preclude that defendant from making a prima facie case for relief under section 1172.6, even if the trial evidence was sufficient to support the findings under *Banks* and *Clark*. (*Strong*, at pp. 719–720.)

Here, there is no dispute that Garcia filed a facially sufficient petition and that it was therefore error not to appoint counsel for her. Such error, however, is subject to harmless error review under *People v. Watson* (1956) 46 Cal.2d 818. (*Lewis*, *supra*, 11 Cal.5th at p. 974.) Under *Watson*, a petitioner must demonstrate there is a reasonable probability that, in the absence of the error, the petitioner would have obtained a more favorable result. More specifically, a petitioner whose petition is denied before issuance of an order to show cause has the burden to show it is reasonably probable that if they had been afforded the assistance of counsel, the petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, at p. 974.)

The Attorney General argues that Garcia cannot make that showing because to find the witness-killing special circumstance true, the jury necessarily found that Garcia had the intent to kill Alvarez. In making this argument, the Attorney General relies primarily on three instructions: CALJIC Nos. 3.01 (aiding and

abetting), 8.80.1 (special circumstances generally), and 8.81.10 (witness killing).

CALJIC No. 3.01 instructed, in pertinent part, that a person aids and abets a crime when she (1) with knowledge of the perpetrator's unlawful purpose; (2) with the intent or purpose of committing or encouraging or facilitating the commission of the crime; and (3) by act or advice aids, promotes, encourages or instigates the crime's commission.

CALJIC No. 8.80.1 instructed: "If you find the defendant in this case guilty of murder of the first degree, you must then determine if one or more of the following special circumstances is true or not true: murder of a witness to a crime, within the meaning of Penal Code 190.2(a)(10), and murder while engaged in the crime of kidnapping, within the meaning of Penal Code 190.2(a)(17).

"The People have the burden of proving the truth of a special circumstance, and if you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true.

"Unless an intent to kill is an element of a special circumstance, if you're satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.

"If you find that the defendant was not the actual killer of a human being or if you're unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant, with the intent to kill, aided, abetted, or assisted any actor in the

8

commission of the murder in the first degree *or* with reckless indifference to human life and as a major participant, aided, abetted, or assisted in the commission of the crime of kidnapping, which resulted in the death of a human being." (Italics added.)

CALJIC No. 8.81.10 instructed: "To find that the special circumstance referred to in these instructions as murder of a witness to a crime is true, each of the following three facts must be proved:

"1. The person killed was a witness to a crime which occurred prior to, and separate from, the killing;

"2. The killing was intentional; and

"3. The purpose of the killing was to prevent the witness from giving testimony in a criminal proceeding."

The People reason that these instructions show that to find the witness-killing special circumstance true, the jury had to find Garcia had the intent to kill. Not so. By itself, the witness-killing instruction, CALJIC No. 8.81.10, does not require the aider and abettor to intend to kill. Rather, it merely states that the killing of the witness was intentional, not that the aider and abettor intended to kill the witness. (See *People v. Pearson* (2012) 53 Cal.4th 306, 323 ["instruction on the torture-murder special circumstance (CALJIC No. 8.81.18) required the jury to find '[t]he murder was intentional,' but not necessarily to find defendant personally harbored the intent to kill"] (*Pearson*).)

*Pearson* also cautioned that CALJIC No. 3.01 does not supply the missing intent-to-kill element. That standard instruction expressly concerns " 'the commission of a crime,' not the truth of a special circumstance allegation;" so a jury is "not likely to read it as displacing the instruction that expressly defined the required mental state for aiding and abetting acts

9

constituting a special circumstance (CALJIC No. 8.80.1).”
(*Pearson*, *supra*, 53 Cal.4th at p. 323.)

We agree it is unlikely the jury here would have relied on CALJIC No. 3.01 to displace the more specific instruction on special circumstances, CALJIC No. 8.80.1. CALJIC No. 8.80.1 gave the jury two paths to finding the special circumstances true. It stated that to find a special circumstance true, the jury had to find that the defendant “with the intent to kill” aided in committing the murder “*or* with reckless indifference to human life and as a major participant, aided” the kidnapping, which resulted in the death of a human being. (Italics added.) Because of the disjunctive “or” in that sentence, the jury could have believed that to find a special circumstance true it could *either* find (1) Garcia with the intent to kill aided and abetted the murder *or* (2) that she was a major participant in the kidnapping who acted with reckless indifference to human life. (See *People v. Covarrubias* (2016) 1 Cal.5th 838, 927 [jurors would reasonably have understood that unless they found defendant was actual killer, they had to find intent to kill *or* reckless indifference]; accord, *People v. Mora and Rangel* (2018) 5 Cal.5th 442, 495 [“CALJIC No. 8.80.1 also contained instructional error because it improperly permitted the jury to find the multiple-murder special circumstance true if it found defendants acted with reckless indifference to human life as major participants in an attempted robbery—in the alternative to concluding defendants intended to or actually killed one of the victims”]; *Pearson*, *supra*, 53 Cal.4th at p. 323 [CALJIC No. 8.80.1 told jury that the torture-murder special circumstance, like the felony-murder special circumstances, could be found true even if defendant acted only with reckless indifference to human life].)

10

While Garcia's jury certainly could have followed the intent-to-kill path to find true the witness-killing special circumstance, the jury also could have followed the reckless-indifference path. Indeed, the prosecutor in closing argument did not discuss the instructions and instead focused on Garcia's knowledge about what was going to happen to Alvarez and on what Garcia did to assist her accomplices. The prosecutor did not then explain to the jury how that evidence connected to the various theories before it. Therefore, the prosecutor's argument is not helpful to determine how the jury would have understood the instructions.

Because we cannot find that the error in failing to appoint counsel for Garcia was harmless, remand is necessary.[4]

---

[4] The Attorney General does not argue that any error was harmless because there was overwhelming evidence of Garcia's intent to kill, as *Garcia I* found. Once a prima facie case is made and the matter proceeds to an evidentiary hearing, the petitioner may introduce additional and new evidence, which, presumably would show she lacked the intent to kill and/or did not act with reckless indifference to human life. Thus, barring undisputed evidence Garcia was the actual killer—of which there is none—an evidence-based harmless error analysis would be unavailing.

## DISPOSITION

The order denying Melissa Garcia's Penal Code section 1172.6 petition is reversed and the matter is remanded with the direction to the trial court to appoint counsel for Garcia, to issue an order to show cause, and to conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

BENKE, J.*

We concur:

EDMON, P. J.

LAVIN, J.

---

* Retired Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.